UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SODANO, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICAN, <br><br> Respondent. | Civil Action No. 14-7630 (PGS) <br><br> **MEMORANDUM AND ORDER** |

This matter has come before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 by Petitioner James Sodano. ECF No. 1. The Court previously denied a motion to amend from Petitioner, finding that the motion attempted to raise an out-of-time claim through a motion to amend. ECF No. 15. Presently before the Court is Respondent's letter, requesting to rescind its previous opposition to the motion to amend, and for additional time to file a supplemental answer to address the new claim. ECF No. 18.

However, as Respondent points out, the "new" claim was first raised in Petitioner's reply brief to the government's answer, which was itself filed 10 months after the § 2255 motion. *See* ECF No. 9 at 8. The Court is not obligated "to accept assertions in a brief without support in the pleadings. After all, a brief is not a pleading." *Chavarriaga v. N.J. Dept' of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) (citation omitted). Although Petitioner is *pro se* and the Court should liberally construe his filings, Respondent's position essentially would allow any *pro se* petitioner to bypass the rules of amendment and simply include any and all new claims not raised in the original pleading by filing a supplemental "brief." In this particular matter, the new claim was not raised until *after* Respondent filed its answer, thereby necessitating its request now to file a supplemental answer, exactly the kind of piecemeal litigation the rules of amendment are designed to avoid. *See*

1

*Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006). Indeed, by disguising "new" claims in a brief, a litigant puts the court and the opposing party in the impossible position of having to engage in guesswork on whether or not the brief really intends to raise new claims, and increases the risk that the new claims would be overlooked, which is exactly what happened here. When Respondent submitted the instant letter to the Court, it was essentially admitting that it made a mistake, when in reality, the mistake was Petitioner's.[1] The fact remains that Petitioner did not file a motion to amend to add the new claim until that claim became untimely. As such, the Court does not vacate its prior order denying the motion to amend, and Respondent's request is denied.

IT IS therefore on this 22 day of March, 2017,

**ORDERED** that Respondent's request to file a supplemental answer, ECF No. 18, is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
Peter G. Sheridan
United States District Judge

---

[1] The Court does not construe Respondent's request as an explicit and affirmative waiver of the statute of limitations defense regarding the new claim. *See United States v. Bendolph*, 409 F.3d 155, 160 (3d Cir. 2005). Respondent is merely conceding that it may have no basis to raise a statute of limitations defense, which the Court disagrees.