**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SODANO, | : |
| Petitioner, | : Civ. No. 14-7630 (PGS) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

### PETER G. SHERIDAN, U.S.D.J.

1. This matter comes before the Court on Petitioner James Sodano's motion for the appointment of pro bono counsel and motion for an extension of time to submit materials relating to his motion under 28 U.S.C. § 2255. (ECF Nos. 33 & 34). Respondent United States opposes the motion for appointment of counsel as premature but takes no position on Petitioner's request for an extension of time. (ECF No. 35).

2. The Court originally denied Petitioner's § 2255 motion on October 16, 2017. (ECF No. 24). On May 3, 2019, the United States Court of Appeals for the Third Circuit issued a mandate reserving the decision in part and remanding for consideration of Petitioner's ineffective assistance of counsel claim under *Lafler v. Cooper*, 566 U.S. 156 (2012). *Sodano v. United States of America*, No. 17-3467 (3d Cir. mandate issued May 3, 2019) (ECF No. 29). The Court reopened the matter and ordered the parties to brief the *Lafler* issue. (ECF No. 32).

3. Petitioner thereafter submitted his motion for the appointment of counsel and motion for an extension of time. (ECF Nos. 33 & 34). The United States, having already submitted

its position on *Lafler*, (ECF No. 31), opposed the motion for appointment of counsel as premature, (ECF No. 35).

4. There is no Sixth Amendment right to appointment of counsel in habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997) (holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants). The Court may appoint counsel in a § 2255 proceeding where the "interests of justice so require." 18 U.S.C. § 3006A(a) (2)(B).

5. "Under these guidelines, the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991). Factors influencing a court's decision include: "'(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.'" *Neeld v. New Jersey*, 2012 WL 603293, *1 (D.N.J. Feb. 22, 2012) (quoting *Paul v. Attorney Gen. of State of N.J.*, 1992 WL 184358, *1 (D.N.J. July 10, 1992)).

6. Petitioner asserts an attorney is warranted due to the Third Circuit's mandate remanding the *Lafler* claim to this Court. (ECF No. 33 at 3). The mere fact of a remand does not warrant pro bono counsel.

7. The Court agrees with the United States that appointment of an attorney is premature. Petitioner does not argue in his motion that he is incapable of presenting his

arguments pro se. Indeed, Petitioner has ably presented his matter pro se both in this Court and in the Third Circuit.[1]

8.  The United States argues that the *Lafler* claim may be resolved on the record before the Court without an evidentiary hearing. Petitioner's response to the United States' arguments will enable the Court to determine whether an evidentiary hearing is necessary and therefore whether an attorney is necessary.

9.  Therefore, the motion for the appointment of pro bono counsel is denied without prejudice. (ECF No. 33). The Court shall reassess Petitioner's motion at the completion of briefing.

10. The motion for an extension of time is granted. (ECF No. 34). Petitioner may submit his arguments within 45 days of this Opinion and Order.

11. An appropriate order follows.

                                                  _/s/ Peter G. Sheridan 7/23/19_
                                                 PETER G. SHERIDAN
                                                 United States District Judge

---

[1] Petitioner submitted his application for a certificate of appealability to the Third Circuit pro se. The Court of Appeals appointed an attorney after granting the certificate of appealability. *See Sodano v. United States of America*, No. 17-3467.